# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DELSHAWN D. CARROLL,** | ) | CASE NO. 1: 18 CV 962 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **WARDEN ED SHELDON,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Delshawn D. Carroll, a state prisoner, has filed this action seeking a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) His Petition indicates he seeks to challenge a 2014 judgment of conviction imposed on him in the Cuyahoga County Court of Common Pleas for Murder, Drug Trafficking and Possession of Drugs for which he was sentenced to 18 years to life in prison. The Grounds asserted in his Petition are incomprehensible. Ground One asserts: "A perfected securit[y] Agreement, In Hold Harmless and Indemnity agrement, common law copy right, Power of Attorny, Authorized Representative, Declaration of expatriation, Put on Notice." (*Id*. at p. 5.) Ground Two asserts: "Secured party Declare to Officer(s) employee(s) that take Notice of formal oath of renunciation." (*Id*. at p. 7.) Ground Three asserts:

"Secured Party claimed all illegiable rights: State/Federal/Constitution Treaties U.S. constitutions, Universal Declaration of Human Rights, international convenant/civil and political rights." (*Id*. at p. 8.) Ground Four asserts: State of sovereign/secured Party Creditor. I stand Myself, with assistance, special sui juris with Judical Power and Non-assopsit to any defacto state." (*Id*. at p. 10.)

Pursuant to Rule 4 of Rules Governing Section 2254 Cases, a district court may enter an order for the summary dismissal of a *habeas corpus* petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A Petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977).

The Court finds the Petition must be dismissed pursuant to Rule 4. A Federal Court may entertain petition for a writ of *habeas corpus* filed by a person in state custody only on the ground he is custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Grounds asserted in the Petition are so vague, confusing and incoherent that the Court is unable to conclude Petitioner has alleged any real possibility of constitutional error in connection with his conviction or sentence. Further, an Application for a Writ of *Habeas Corpus* shall not be granted unless it appears that the Petitioner "has exhausted all remedies available in the courts of the State." 28 U.S.C. § 2254(b). It is not clear from the Petition and exhibits attached to it that Petitioner has properly exhausted any valid constitutional claim in State Court.

**Conclusion**

Accordingly, the Petition for a Writ of *Habeas Corpus* is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: May 9, 2018